IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS BEAL,

    *Plaintiff*,

*vs*.                          CIVIL ACTION NO. 1:07CV00046

MONRO MUFFLER BRAKE, INC.,
a New York Corporation,

    *Defendant*.

## ORDER GRANTING DEFENDANT'S MOTION TO QUASH OR FOR PROTECTIVE ORDER AND CITY OF MORGANTOWN'S MOTION TO QUASH SUBPOENA

This is a "whistle blower" type of wrongful discharge action brought by Thomas Beal against his former employer, Monro Muffler Brake, Inc. Andrew Idler was Beal's immediate supervisor and, as such, was involved in Beal's 2005 discharge. Plaintiff alleges that during his employment with Defendant, he was told by Idler to "begin sending inspection stickers registered to the Westover location to the other locations whose inspections rights had been suspended or revoked, so the latter locations could illegally perform inspections using stickers that had been registered to a different location" or risk losing his job. Plaintiff further alleges that "after arguing again with Andy Idler about Idler's insistence on engaging in the unlawful practices, the plaintiff was abruptly terminated." (DE 1.)

Prior to being employed for Monro, Idler was a City of Morgantown police officer. His employment as an officer extended from December 1993 to December 1996. On August 3, 2007, Plaintiff issued a subpoena duces tecum to the Morgantown City Police Department seeking "[a]ll documents and records pertaining to any and all internal investigations of Andy Idler conducted by the Morgantown Police Department or other state and /or federal entity."

On August 8, 2007, the City of Morgantown Police Department filed its Motion to Quash

Subpoena. (DE 15.) Thereafter, on August 14, 2007, Defendant, Monro Muffler Brake, Inc., filed its Motion To Quash Or For Protective Order. (DE 18.)

The matters, "Motion to Quash Subpoena (DE 15 ) and any non-dispositive motions hereinafter filed," were referred to the undersigned by Order entered August 9, 2007, by United States Chief District Judge Irene M. Keeley. (DE 16.)

Plaintiff did not respond to either motion. The time for responses expired August 27, 2007, and August 31, 2007, respectively.

Accordingly, the matters are ripe for consideration and determination by the Court and do not require a hearing.

## **Discussion**

F.R.Civ.P. 26(b)(1) provides, in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In *Keyes v. Lenoir Rhyne College*, 552 F.2d 579 (4th Cir. 1977), the Fourth Circuit held as follows:

> Under Rule 26(c) of the Federal Rules of Civil Procedure, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense * * * ," and the scope of such an order lies within the discretion of the trial judge and will be reversed only if there is an abuse of that discretion. *Galella v. Onassis,* 487 F.2d 986 (2 Cir. 1973)**;** *General Dynamics Corp. v. Selb Manufacturing Co.***,** 481 F.2d 1204 (8 Cir. 1973); **Wright & Miller, Federal Practice and Procedure,** s 2036 (1970)**. In the present case the College asked that the confidentiality of the faculty evaluation records be protected, urging that the assurance of confidentiality enabled the College to receive honest and candid appraisals of the abilities of the faculty members by their peers. It was, of course, necessary for the court to balance this interest of the College against the need of the plaintiff for such material,** and if the College had sought to justify any male-female disparity on the basis of these evaluations the plaintiff should have been granted the opportunity to use them to demonstrate that the explanation was pretextual. *McDonnell Douglas Corp. v. Green*,

> 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Here, however, the College did not resort to the evaluations for that purpose, and in the absence of some further showing on the part of the plaintiff, the district court's decision to protect these records from disclosure was not an abuse of its discretion.

(Internal footnotes omitted.).

"[P]ersonnel records of any employer should be confidential to protect the privacy concerns of employees." *Rollins v. Barlow*, 188 F. Supp.2d 660 (S.D.W.Va. 2002.). The rational of the *Rollins* Court is particularly sagacious:

> The court further finds that there is a strong public interest in protecting the privacy rights of police officers in their own personnel records, and in preventing the unnecessary disclosure of the complaints (justified or not) which are inevitably filed against them.

In this case, Plaintiff seeks the very records the *Rollins* court protected. He seeks the records of a non-party former police officer.

This does not end the matter, however. As stated in *Keyes*, *supra*, the Court is required to balance this interest against the need of the Plaintiff for such material. Yet Plaintiff offers no assistance in this regard. However, the City of Morgantown provides the following cogent argument against production of the personnel file, including results of internal investigations: "[a]lso, in the case at hand, the City of Morgantown cannot comprehend how an internal investigation report or personnel record of a former employee, who last worked for the City more than ten years ago, can have any relevancy or necessity in Plaintiff's wrongful discharge claims against Monro Muffler." (DE 15, p. 2.) This Court agrees. Notwithstanding Defendant Monro's statement of fact that: "During his tenure as a police officer, Mr. Idler was involved in an internal investigation concerning allegations of improprieties" (DE 18, p. 3), the Court is unable to find any relevant connection between the police internal investigation of ten (10) years ago and the alleged requiring of an employee to transfer inspection stickers from one disqualified unit to another

qualified unit.

Apparently, Plaintiff is also unable to make a relevant connection to justify his "fishing" expedition inasmuch as he did not respond to either of the motions to quash his subpoena.

The undersigned finds Plaintiff's desire to have the Idler records insufficient when balanced against the privacy interests stated by Defendant and the non-party City of Morgantown.

### Decision

For all the above reasons, the City of Morgantown Police Department's Motion to Quash Subpoena (DE 15) and Monro's Motion To Quash Or For Protective Order (DE 18) are **GRANTED** and Plaintiff's August 3, 2007, subpoena duces tecum to the Morgantown City Police Department seeking "[a]ll documents and records pertaining to any and all internal investigations of Andrew Idler conducted by the Morgantown Police Department or other state and/or federal entity" is hereby **QUASHED.**

The United States District Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record, including, but not limited to, counsel for the City of Morgantown.

DATED: September 5, 2007

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE